# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| AVERY SETZER, et al | § | |
| | § | |
| V. | § | A-11-CA-214 LY |
| | § | |
| BRANCH BANKING & TRUST | § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim (Clerk's Doc. No. 7); Defendant's Motion for a More Definite Statement (Clerk's Doc. No. 8); the Plaintiffs' Response to the Defendant's Motion to Dismiss (Clerk's Doc. No. 10); the Plaintiffs' Motion for Sanctions (Clerk's Doc. No. 11); and the Defendant's Response to the Plaintiffs' Motion for Sanctions (Clerk's Doc. No. 13). On May 12, 2011, the District Court referred the motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## Background

Despite the rambling nature of the Amended Complaint[1] in this case, this suit appears to actually be a quite straightforward case in which the Plaintiffs are seeking to avoid foreclosure. The "meat" of the dispute is contained in a few paragraphs of the Amended Complaint:

a. The Plaintiffs are behind on payments and has received a letter notifying them that the loan has been referred to a foreclosure specialist.

b. Plaintiffs have received a notice of acceleration.

---

[1] The original Complaint was filed on March 18, 2011. An Amended Complaint was filed on April 1, 2011, prior to an answer being filed. That is therefore the live pleading in the case, and is the focus of this order.

c. Plaintiffs have received a notice of trustee sale dated for May 5, 2011.

Amended Complaint (Clerk's Doc. No. 4) at 10. Unfortunately, the Plaintiffs, who are proceeding pro se, have complicated matters dramatically by the filing of a largely incoherent complaint. Though they name several "defendants" in the"Parties" section of the Amended Complaint, only one defendant is named in the caption (Branch Banking & Trust, or "BB&T"), and a summons has been issued and served only on BB&T. Though it is not entirely clear, it appears that the Plaintiffs seek to make claims for violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Home Equity Protection Act, and several other statutes and common law duties. Although the Amended Complaint contains 41 pages of allegations and factual assertions, BB&T is barely referenced in it.

### BB&T's Motions

BB&T has filed a motion to dismiss the Amended Complaint for failure to state a claim, and in the alternative, has moved for a more definite statement. The Federal Rules of Civil Procedure require that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Plaintiffs' complaint fails to meet this standard, even with the Court taking a lenient view because the Plaintiffs are pro se.[2]

This pleading is not the first filed in this Court that is heavy on words, light on substance, and doubles as a condemnation of the mortgage industry. Claiming that they recognizes the courts' distaste for lengthy, carbon-copied pleadings, the Plaintiffs try to excuse the "cookie-cutter" appearance of the their complaint by claiming that it results from the widespread bad acts that have

---

[2] "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

become institutionalized in the mortgage industry. Actually, the Court is not per se hostile toward form pleadings (indeed, the Plaintiffs can and should consult the form pleadings provided with the Federal Rules of Civil Procedure).[3] The problem here is the form the Plaintiffs have chosen to use in this case.

That form suffers from defects in substance, unrelated to its cookie-cutter appearance. As mentioned, the Amended Complaint identifies several entities as "defendants" and spends pages of text on them in the Amended Complaint, though it is not clear that Plaintiffs intend to make them parties to the case. *E.g.*, Complaint at 10–22 (failing to make any mention of BB&T). Further, the Plaintiffs provide "facts" which are actually broad, general conclusions, and they pontificate at length about the greed and shortcomings of the mortgage industry. These are classic examples of superfluous or unnecessary pleadings. Amazingly, despite the length of the Amended Complaint, it is starkly lacking in any *relevant* facts, such as the status of their mortgage, and what, if any, legal basis exists for setting it aside. In other words, even if the Court were to accept the Plaintiffs' allegations about the failings of the mortgage industry, there is nothing in the Amended Complaint that points out any specific defects in the *Plaintiffs'* loan, or sets out any specific misconduct of BB&T that entitles the Plaintiffs to the relief they seek.

Not only are the factual allegations of the complaint—which are excessive in length and very light on relevance—insufficiently pled, the legal sections of the complaint are also problematic. A complaint is not a legal brief. It should plainly state the relevant facts and then assert the legal causes of action that are being pursued against the defendant. Case law is unnecessary, and usually

---

[3]For an electronic version of the form complaint endorsed by the Federal Rules see: http://www.uscourts.gov/RulesAndPolicies/FederalRulemaking/RulesAndForms/IllustrativeCivilRulesForms.aspx.

inappropriate, in the complaint.[4]

However, before the Court recommends dismissal of the Amended Complaint, it is appropriate to allow the Plaintiffs to re-plead their claims to cure the deficiencies noted above. ACCORDINGLY, the Court GRANTS the Defendant's Motion for a More Definite Statement (Clerk's Doc. No. 8).[5] The Court HEREBY ORDERS the Plaintiffs to file a Second Amended Complaint **no later than July 6, 2011.** This will require an entire re-write—simple modification will not suffice. The Plaintiffs are admonished to pay attention to the dictates of Rule 8(a):

> (a) Claims for Relief.
>
> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). No full-scale indictments of the mortgage industry shall be included. Rather, the Plaintiffs shall state clearly and plainly what they are complaining about. The allegations shall be specific to the Plaintiffs and their mortgage. The claims shall be "short and plain" as required by Rule 8. If they allege they were defrauded, Plaintiffs must state the specific fraudulent acts and

---

[4]Moreover, the cases the Plaintiffs cite in their complaint are from other jurisdictions, and thus not binding on the Court. The Western District of Texas is in the 5th Circuit, and when the Plaintiffs cite to case law, they would be well-advised to point to cases from this circuit.

[5]The Court will not consider the Defendant's Motion to Dismiss until after the Plaintiffs' re-plead their complaint.

4

include the date, time, place, and people they allege were involved. *See* FED. R. CIV. P. 9(b). They shall also be clear about who they are intending to sue. If a party is intended to be a defendant, they shall include that party's name in the caption of the case on the first page of the complaint. The Plaintiffs shall not use a generic label (e.g. "current servicer") to identify a party. Rather, they shall refer to all parties by their names. (The Plaintiffs are free to use the abbreviation BB&T.) Finally, absent leave of Court, the Second Amended Complaint shall not exceed 20 double-spaced pages using size 12 font.

The Plaintiffs are cautioned that the Court will consider imposing sanctions if their new pleading does not represent a good faith effort to comply with Rule 8. *See* FED. R. CIV. P. 11(b) (permitting sanctions where person signs a pleading that is presented for an improper purpose, contains claims not warranted by existing law, or contains factual contentions without support).

**Plaintiffs' Motion for Sanctions**

The Plaintiffs filed a motion for sanctions against the Defendant's counsel for filing its motion to dismiss the Plaintiffs' claims. The Plaintiffs allege that the Defendant filed its motion—despite knowing that their claims are meritorious and proper—for an improper purpose. The Plaintiffs claim that the Defendant failed to "make a reasonable inquiry into the facts or law before filing the answer." Motion at ¶ 6. Amazingly, the Plaintiffs rebuke the Defendants for "fail[ing] to address the suit with specificity." *Id.* at ¶ 7. These argument are totally without merit; indeed, this is a classic case of the "pot calling the kettle black." The Court DENIES the Plaintiff's Motion for Sanctions (Clerk's Doc. No. 11), and again cautions the Plaintiffs that they are governed by Rule 11 in their pleadings, and can be subjected to sanctions if they fail to comply with the Rules and the orders of the Court.

5

**Conclusion**

In summary, for the reasons set forth above, the Defendant's Motion for a More Definite Statement (Clerk's Doc. No. 8) is GRANTED, and the Plaintiffs' Motion for Sanctions (Clerk's Doc. No. 11) is DENIED. The Plaintiffs shall file a Second Amended Complaint by July 6, 2011, complying with the requirements set forth above.

SIGNED this 16th day of June, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE