IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AVERY SETZER AND SANDA SETZER, § | | |
| § | | |
| PLAINTIFFS, § | | |
| § | | |
| V. § | CIVIL NO. A-11-CA-214 LY | |
| § | | |
| CLARK RICHARDS, BRANCH BANKING § | | |
| AND TRUST CO., MERSCORP, INC., § | | |
| MACKIE WOLF ZIENTZ & MANN, P.C., § | | |
| AND JOHN DOES 1-100, § | | |
| § | | |
| DEFENDANTS. § | | |

## ORDER

Before the Court are Plaintiffs' Motion to Compel Discovery, filed October 13, 2011 (Clerk's Dkt. #78); Objections and Response to Plaintiffs' Motion to Compel Discovery of Branch Banking & Trust, Mackie, Wolf, Zientz & Mann, P.C., Merscorp, Inc. and Clark Richards, filed October 24, 2011 (Clerk's Dkt. #86); and Plaintiffs' Response to Defendants' Motion to Dismiss Motion to Compel Discovery, filed October 31, 2011 (Clerk's Dkt. #91). The matters were referred to the undersigned Magistrate Judge's docket pursuant to 28 U.S.C. § 636(b)(1)(a), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas.

## BACKGROUND

Plaintiffs Avery Setzer and Sanda Setzer (jointly the "Setzers") have filed this action alleging violations of the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Home Equity Protection Act, "Constitutionally protected Fundamental Rights," "common-law Rights" and the Uniform Commercial Code. (Plf. 2nd Am Compl. ¶ 6). The

controversy arises from a home loan transaction entered into in November 2008 by Sanda Setzer, her daughter, Robin Setzer ("Robin"), and Robin's husband. The interests of Robin and her husband were subsequently transferred to Avery Setzer. The Setzers claim Defendants failed to properly validate the debt, failed to send them a loan modification package, and thereafter foreclosed on their property. (*Id*. ¶¶ 9-32).

## MOTION TO COMPEL

Plaintiffs have now filed a pleading entitled "Motion to Compel Discovery." By way of the motion, the Setzers state they have sent to Defendants a "Qualified Written Request" and "Validation of debt Letter[s]" to which they have not received any response. (Mot. ¶¶ 1-3 & 5). Plaintiffs state Clark Richards denied their request to view documents on October 6, 2011. (*Id*. ¶ 6). In addition, in their motion, they "demand strict verified proof" of a list of items including: (1) that "Defendant is the true holder of said debt instrument;" (2) "the standing of each signatory on each and every document filed into any court record concerning the property;" (3) that Sanda Setzer entered into a contract with Defendant; and (4) that "Defendant, at no time, received consideration in return for a transfer of the above reference[d] note, the basis of which the above reference[d] lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered." (*Id*. ¶¶ 8, 9, 11, 14).

Defendants have filed a response to the motion in which they maintain Plaintiffs' motion should be denied on the basis that no discovery requests have been made by Plaintiffs. As Defendants point out, a motion to compel discovery is governed by Rule 37 of the Federal Rules of Civil Procedure. That rule states a motion to compel may be based on the failure of a deponent to answer a question, a corporation to designate a representative, a party to answer an interrogatory, or

a party to respond to a request for inspection. FED. R. CIV. P. 37(a)(3). Neither Rule 37, nor any other rule, permits a party to compel other parties to a litigation to respond to a "Qualified Written Request," demands to validate debts or demands for strict verified proof. No mention is made by Plaintiffs, either in their motion or in their response, of any discovery requests made by them to Defendants to which Defendants have not responded. Plaintiffs have thus failed to show the necessity to compel any response from Defendants.[1] Accordingly, Plaintiffs' Motion to Compel Discovery (Clerk's Dkt. #78) is DENIED.

SIGNED this 7th day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the Plaintiffs wish to obtain documents or information from the Defendants, they must follow the procedures set out in the Federal Rules of Civil Procedure.